**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

SAMUEL FINN,                        :
                                    :    Civil Action No. 10-4221 (JAP)
            Plaintiff,              :
                                    :
       v.                           :              **OPINION**
                                    :
MIDDLESEX COUNTY CORR. FAC          :
(MCCF), *et al.*,                   :
                                    :
            Defendant.              :

**APPEARANCES**:

    Samuel Finn, #623635/SBI #340899C Plaintiff <u>pro se</u>
    Southwoods State Prison
    215 Burlington Road South
    Bridgeton, NJ 08032

    Peter L. Korn
    McElroy, Deutsch, Mulvaney & Carpenter
    1300 MT. Kemble Avenue
    P.O. Box 2075
    Morristown, NJ 07962-2075
    Attorney for Defendant Niranjana Shah, M.D.

    Jennifer M. Schneider
    McElroy, Deutsch, Mulvaney & Carpenter
    1300 MT. Kemble Avenue
    P.O. Box 2075
    Morristown, NJ 07962-2075
    Attorney for Defendant Niranjana Shah, M.D.

**PISANO, District Judge**

    Before this Court is a motion to dismiss and for summary judgment filed by Defendant Niranjana Shah, M.D.  Plaintiff has

opposed the motion, at least in part.[1]  For the reasons set forth below, this Court will grant Dr. Shah's motion to dismiss and for summary judgment.

## I.  BACKGROUND

Plaintiff's Complaint alleges violations of his constitutional rights under 42 U.S.C. § 1983 concerning medical treatment.  The sole remaining defendant in this case is Naranjana Shah, M.D.  The Complaint states that on August 22, 2008, prior to his incarceration (which began on or about November 7, 2008), Plaintiff underwent surgery on his left knee.  Plaintiff asserts generally that his medical needs relating to his knee injuries were not attended to properly by various parties, none of which are still party to this litigation aside from Defendant Shah.

As to Defendant Shah, Plaintiff alleges that Dr. Shah's lack of attention to his medical needs over a treatment period of February 2009 to March 2010, while he was confined at Southern State Correctional Facility (hereinafter referred to as "SSCF"), allowed his pre-existing knee injury to worsen and cause him additional pain.  Among his allegations as to Defendant Shah are

---

[1] It appears that Plaintiff's letter in "opposition" was sent to Defendants prior to Defendants' filing of its motion.  See Schneider Cert. Ex. A.  The Court presumes that Plaintiff was advised of Defendants' pending filing at the May 26, 2011, telephone conference with the Magistrate Judge and submitted his opposition in advance of the actual filing of the motion.

that she failed to assign him to the ambulatory care unit which led to his injury being "greatly aggravated" by the fact that he had to walk to the medical unit to receive his medication, that Dr. Shah "refused to provide plaintiff with an effective course of treatment and adequate pain relief medications," and that Plaintiff was not sent to physical therapy.  Plaintiff states that on or about April 1, 2009, he submitted a grievance form regarding his issues but states that "the problems were not resolved."

Plaintiff's undated Complaint was docketed with the Clerk of the Court on August 16, 2010.  After Plaintiff resolved deficiencies with his application to proceed in forma pauperis, on October 5, 2010, this Court granted in forma pauperis status, and terminated the matter as to Defendants New Jersey Department of Corrections, Correctional Medical Services, and Middlesex County Correctional Facility.  The United States Marshal then served Plaintiff's Complaint on the remaining Defendants. Defendant Shah filed an Answer on November 18, 2010, generally denying the allegations in the Complaint and asserting several affirmative defenses.  On March 25, 2011, an order for dismissal was entered as to Defendants Dr. Sullivan and Nurse Francis, leaving Defendant Dr. Shah as the remaining defendant. Subsequently, Defendant Shah filed this pending motion for Summary Judgment and to Dismiss.  Although Plaintiff technically

has not responded to the motion as filed, Plaintiff did submit a letter in "Opposition to Defendant's Motion To Dismiss For Failure to Exhaust" in advance of the motion's filing.  See Schneider Cert. Ex. A; see also note 1, supra.  In the interest of justice, the Court considers the letter to be Plaintiff's response to the motion.

## II.   LEGAL STANDARDS

A.   Motion To Dismiss under 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  In deciding a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  Fowler v. UPMC Shadyside, 578 F.2d 203 (3d Cir. 2009).  All reasonable inferences must be made in the Plaintiff's favor.  Nami v. Fauver, 82 F.3d 63 (3d Cir. 1996); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994).

In 2007, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The Twombly Court stated that "a plaintiff's

4

obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 555 (internal citations omitted); see also Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007). More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

B.  Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Rule 56 provides that "[a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed. R. Civ. P. 56(a). The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.  "To be material, a fact must have the potential to alter the outcome of the case" under governing law. N.A.A.C.P. v. North Hudson Regional Fire & Rescue, 665 F.3d 464, 475 (3d Cir. 2001). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury

5

or judge to resolve the parties' differing versions of the truth at trial."  In re Lemington Home for Aged, 659 F.3d 282, 290 (3d Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986)).  On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those fact."  Ricci v. DeStefano, 577 U.S. 557, 129 S.Ct. 2658, 2677 (2009)(quoting Scott v. Harris, 550 U.S. 372, 380 (2007)).

An affidavit or declaration "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Statements in affidavits made in the absence of personal knowledge or without factual foundation, and conclusory statements for which no basis in fact or personal knowledge is provided, are not properly considered.  See Reynolds v. Department of Army, 439 Fed. App'x 150, 152 (3d Cir. 2011).  Nor may a court consider hearsay statements,[2] see Gonzalez v. Secretary of Dept. of Homeland Security, 678 F.3d 254 (3d Cir. 2012), or representations and argument of counsel, see D'Orazio v. Hartford Ins. Co., 459 Fed. Appx. 203 (3d Cir. 2012).

---

[2]Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).

## III.   DISCUSSION

A.   Eighth Amendment Claims

Concerning the Eighth Amendment claims that Plaintiff attempts to assert here against Dr. Shah, Plaintiff has failed properly exhaust his administrative remedies as to the claims he wishes to present before this Court.  Plaintiff states in his Complaint that on or about April 1, 2009, he submitted a grievance form regarding the medical care being provided by Dr. Shah, but Plaintiff has failed to show that he followed through, as is required, with the entire grievance procedure as to this issue.

The Prison Litigation Reform Act (hereinafter referred to as "PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement applies to prisoners who were in custody at the time of filing the original complaint.  Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).  Exhaustion is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Id. at 532.  If a failure

to exhaust administrative remedies is shown, a motion to dismiss or a motion for summary judgment may be properly granted, depending on the circumstances of the case. Terrell v. Benfer, 429 F. App'x 74, 77 (3d Cir. 2001); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Summary judgment is appropriate where the court relies on matters outside the pleadings which demonstrate a failure to exhaust. Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000).

Prisoners must exhaust all available administrative remedies, even where the relief sought cannot be granted by the administrative process. Booth v. Churner, 532 U.S. 731, 734, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Section 1997e(a) contains no futility exception that would excuse a failure to exhaust. Id. at 741 n.6. Additionally, section 1997e(a) requires "proper exhaustion," as that term is used in administrative law. Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90. Compliance with prison grievance procedures is sufficient to properly exhaust. Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Id.

The Third Circuit has held that the grievance procedure set forth in the prison handbook is an "administrative remedy" within the meaning of the PLRA exhaustion provision and must be exhausted before a prisoner may pursue a section 1983 claim involving prison conditions and incidents. Conception v. Morton, 306 F.3d 1347, 1354-55 (3d Cir. 2002).

An examination of the evidence before the Court on this motion shows that Plaintiff did not comply with the administrative remedy system as set forth by SCCF inmate handbook with respect to the issues he wishes to now present to this Court. See Declaration of Jeffrey Beebe (document 41-3). Defendants have provided copies of nine inmate remedy forms filed by Plaintiff while at SSCF, two of which appear to pertain to the treatment of Plaintiff's knee injuries. However, even though Plaintiff did appear to initiate the grievance process on two occasions as to this issue, Plaintiff did not comply with PLRA prerequisite to filing suit that the administrative remedies must be fully exhausted as per the requirements set forth in the inmate handbook. Here, although filing two grievances related to his treatment, Plaintiff did not follow through with any appeal as to the responses he received regarding his initial grievance forms.

In his opposition, Plaintiff states that he attempted to but was prevented from completing the appeal process because the

9

grievance appeals were returned back to him by the inmate remedy coordinator with Corrective Action Forms. Corrective Action Forms are "used by correctional facility staff to advise an inmate who has submitted an inappropriate, incomplete, illegible, or unclear [inmate remedy form] of the appropriate steps the inmate needs to take in order to address the issue or to process and fully complete the request." N.J.A.C. 10A:1-4.4(g). Thus, upon receiving the Corrective Action Forms, it was necessary for Plaintiff to follow the "appropriate steps" outlined in the form to proceed with his appeal and complete the administrative remedy process. There is no evidence that Plaintiff made any effort to do so; indeed, Plaintiff does not even assert that he attempted to take any corrective steps. As such, Plaintiff has failed to exhaust his administrative remedies.

Since Plaintiff failed to comply with the requirement to exhaust his administrative remedies, he is barred from bringing his Eighth Amendment claims before this Court and summary judgment shall be granted as to this issue.

B.   State Law Claims

Defendant has moved to dismiss Plaintiff's state law claims arising from the incidents described in the Complaint due to Plaintiff's failure to comply with the New Jersey Affidavit of Merit Statute and the New Jersey Tort Claims Act.

1. Affidavit of Merit Statute

To the extent that Plaintiff attempts to assert a state law medical malpractice claim here, that claim suffers a fatal defect in that Plaintiff did not submit an Affidavit of Merit. The relevant portion of New Jersey's affidavit of merit statute states that:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27. Any assertion of state law claims of personal injury due to the malpractice and/or negligence of Dr. Shah, a licensed person in her profession, would bring this action within the scope of the affidavit of merit statute. Defendant Shah's Answer was filed on November 18, 2010. Plaintiff's affidavit of merit is long overdue.

Plaintiff has not satisfied the statutory requirements pertaining to filing an Affidavit of Merit, in fact, having made no attempts to comply, despite having ample time to do so. The statute further provides that: "If the plaintiff fails to provide

11

an affidavit or a statement in lieu thereof, pursuant to section 2 or 3 of this act, it shall be deemed a failure to state a cause of action." N.J. Stat. Ann. § 2A:53A-29. Accordingly, Plaintiff he has failed under all of the timing provisions.

    2.   New Jersey Tort Claims Act

Tort law claims against public entities and public employees are governed by the New Jersey Tort Claims Act, N.J. Stat. Ann § 59:1-1 et seq. See Velez v. City of Jersey City, 850 A.2d 1238, 1239 (N.J. 2004).

The relevant portion of New Jersey's Tort Claims Act provides, as to claims against public entities or employees:

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law.

N.J. Stat. Ann. § 2A:59:8-8. The statute goes on to provide instances where the claimant shall be forever barred, including where the claimant "failed to file his claim with the public entity within 90 days of accrual of his claim"[3] or where "two years have elapsed since the accrual of the claim. N.J. Stat. Ann. § 2A:59:8-8(a),(b).

---

[3] An exception to this is where, a claimant seek permission to file late notice within one year after the accrual of his claim if the public entity or employee has not been prejudiced. See N.J. Stat. Ann. § 2A:59:8-8. Plaintiff here made no such application.

12

Here, Plaintiff's allegations against Dr. Shah fall within the time period of February 2009 until March 2010. Under the statute, Plaintiff's notice of claim should have been filed with defendant within 90 days of accrual of the claim, or ninety days after the last date in March of 2010 that Plaintiff alleges claims stemming from the facts alleged in his Complaint against Dr. Shah. Additionally, more than two years have elapsed since the accrual of the claims against Dr. Shah. Plaintiff has failed to comply with the New Jersey Tort Claims Act and thus to the extent that Plaintiff alleges state tort law claims as against Dr. Shah, those claims shall be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants Defendant Niranjana Shah, M.D's motion to dismiss and for summary judgment. An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
Joel A. Pisano
United States District Judge

Dated:  July 19, 2012